RECEIVED

12-30-13

DEC 3 0 2013 MB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# United States District Court
## Northern District of Illinois, Eastern Division

Maurice Shaw
  Plaintiff

V.S.

Wexford Health Sources, Inc.;
Arthur Funk; Saleh Obaisi;
Louis Shicker; Michael Lemke;
Royce Brown-Reed
  Defendants

) Case
) _____
) Dist _____
) Magistrate Judge
) Jury Trial Demanded

13CV9335
JUDGE COLEMAN
MAGISTRATE JUDGE KIM

## Civil Rights Complaint
### Pursuant To 42 U.S.C. Section 1983

Now comes Plaintiff Maurice Shaw, Pro Se, and complaining of Defendants Wexford Health Sources Inc.; Arthur Funk; Saleh Obaisi; Louis Shicker; Royce Brown-Reed; Micheal Lemke, stating as follows:

## Parties Of Action

1. Plaintiff Maurice Shaw, at all times relevant to the events at issue in this complaint, is and was incarcerated by the State of Illinois and held by the Illinois Department of Corrections (I.D.O.C.) at Stateville Correctional Center (Joliet). Plaintiff has never before been a party to any prior civil actions.

(1.)

2. Defendant Wexford Health Sources Inc. (Wexford) at all times relevant to the events at issue in this complaint, was engaged in the business of providing medical care and treatment to inmates, including Plaintiff, at the Stateville Correctional Center and had contracted with the I.D.O.C. to perform such services. As such, Wexford was acting under color of law.

3. In its capacity as a contractor to I.D.O.C, Wexford promulgated rules, regulations, policies, and procedures for the medical screening, medical treatment, and the overall medical care of inmates at Stateville, including Plaintiff. Wexford's policies were implemented by and through its employees and the employees of the I.D.O.C., including the individual Defendant Medical care providers and the individual Defendant Correctional Officers who were responsible for the medical care of inmates at Stateville.

4. Defendant Arthur Funk (Funk) is the Regional Medical Director for Wexford for the region that includes the State of Illinois. Funk is responsible for coordinating activities between Wexford physicians and for coordinating treatment by wexford personnel of I.D.O.C's prisoners. Funk is being sued in his personal capacity for the constitutional violations he has committed under color of law.

5. Defendant Saleh Obaisi (Obaisi) is a physician employed by wexford and is the current Medical Director at Stateville. In his capacity as Medical Director, Obaisi

(2)

Centers regarding the proper medical care to provide to State prisoners and is the person in charge of IDOC policy and procedures on the provisions of medical care at all IDOC facilities. Defendant Shicker is being sued in his capacity for the constitutional violations he has committed under color of law.

8. Defendant Royce Brown-Reed (Brown-Reed) is the Health Care Unit Administrator (HCUA) at Stateville and is employed by the IDOC. As the HCUA, Royce Brown-Reed personally has the authority to enforce all institutional directives pertaining to medical care and is responsible for ensuring that patients of the Stateville HCU receive medical treatment for all their medical needs, including their serious medical needs. Royce Brown-Reed is being sued in her personal capacity for the constitutional violations she has committed under color of law.

9. Defendant Micheal Lemke (Lemke) is employed by the IDOC in the capacity of Warden of Stateville. As such, defendant Lemke was acting under color of law. As warden, Lemke is responsible for all decisions including inmates grievances in accordance with the procedures set forth in 20 IL ADC 504.800 et seq, and inter alia, for ensuring that the practice of Stateville Correctional Center comply with federal and state requirements for treatment of inmates. Throughout his tenure as warden, he had personal knowledge that the conditions of confinement challenged in this complaint were being imposed on inmates at Stateville, including plaintiff, and he implemented enforced, and/or condoned these conditions. Lemke is being sued in

(4)

his personal capacity for the constitutional violations he has committed under color of law.

## Jurisdiction and Venue

11. This action brought pursuent to 42 U.S.C. Section 1983 to redress the deprivation, under color of law, of Plaintiff's rights as secured by the United States Constitution. This court has jurisdiction of the action pursuent to 28 U.S.C. § 1331 and 1369. Venue is proper under 28 U.S.C § 1391 (B.), because the events giving rise to the claims asserted herein all occurred within this district.

## Exhaustion

12. The prison litigation Reform Act, 42 U.S.C. § 1997 (e)(a), provides that no action be brought by a prisoner with respect to prison conditions until "such administrative Remedies as are available are exhausted."

13. Plaintiff has exhausted all available administrative Remedies by Repeatedly initiating formal grievance procedures in effort to obtain proper medical treatment. All of plaintiff's grievances have been improperly denied.

## General Allegations

14. Plaintiff is currently suffering from a chronic injury to his Right Shoulder which has been persisting since February of 2012 and causing him to experience severe pain, muscle stiffness, and limited range of motion in his arm and Shoulder which hinders him from engaging in basic dailey activities.

15. By at least February 6, 2012 Plaintiff began requesting Medical treatment for his injury and subsequent pains.

16. From at least February 6, 2012 until present, Plaintiff has continuously requested that the defendants Medical care providers, including Dr. Obaisi, Dr. Funk and Dr. Shicker, as employees and/or agents of Wexford and/or I.D.O.C., provide treatment for his Medical condition. These request have been Made via policies established by Warden Lemke, and/or by Wexford as well as through formal grievances and complaints.

17. From at least February 2012 until present, Plaintiff has Received only cursory Medical treatment; specifically, defendants have consistently refused to provide prescribed Medical care including: physical therapy to rehabilitate his injury, follow up care with orthopedic specialist, and the administration of Necessary prescription Medications to alleviate his pains.

18. From at least May 2012 until present, Plaintiff has Made verbal and written request upon defendants and has filed formal grievances Regarding Plaintiff's Medical condition, his ongoing pain, the failure to provide and administer prescribed pain Medication, and the failure to provide and administer physical and follow up care prescribed by licensed specialist to treat Plaintiff's condition.

19. Upon information and belief, all grievances and complaints made and/or filed were ignored or wrongfully denied. Accordingly, it is established that plaintiff has taken proper action to exhaust his administrative remedies.

20. Defendants have and continue to, deliberately deny Plaintiff adequate care in that they have either failed to provide and administer medication to alleviate pain, refused to provide and administer physical therapy prescribed by orthopedic specialist to treat plaintiff's injury, and refused to timely schedule follow up appointments with appropriate specialist.

21. Plaintiff was first evaluated by Stateville former Medical Director Dr. Carter on February 6, 2012. It was Dr. Carter's medical opinion that Plaintiff's shoulder injury was serious enough that an M.R.I. should be performed to determine the extent of the injury and plaintiff need to be further evaluated by an orthopedic specialist, Dr. Carter submitted plaintiff for the M.R.I. and Orthopedic clinic appointment at U.I.C. hospital in Chicago. Additionally, Dr. Carter, ordered "Naproxen" for the next six months to treat Plaintiff's pain.

22. Over the course of the next 14 months Plaintiff did not receive a single dose of the prescription pain medication ordered by Dr. Carter on February 6, 2012

(7)

23. Shortly after plaintiff's appointment with Dr. Carter and prior to the M.R.I. and Orthopedic appointments, defendant Obaisi replaced Dr. Carter as Medical director and subsequently delayed and/or prolonged plaintiff's transport for his M.R.I. and Orthopedic appointments for several months.

24. On May 4, 2012 plaintiff was eventually transported to U.I.C. hospital in Chicago, where he received the M.R.I. that was previously ordered by Dr. Carter 3 months earlier. Once plaintiff returned to Stateville he was never seen by the Medical director defendant Obaisi, as required per Wexford contract after returning from off-site Medical procedures/Consultations.

25. On June 11, 2012 Plaintiff was eventually transported to U.I.C. hospital in Chicago for his Consultation with the Orthopedic specialist that was previously ordered by Dr. Carter 4-months earlier on 2-6-2012. The Orthopedist informed plaintiff that the M.R.I. revealed several significant injuries that will require additional Medical treatment.

26. Plaintiff's significant injuries includes an undersurface tear in the muscle of the anterior humeral head of the right Shoulder; Bone marrow edema; edema/Flattening of the anterior humeral head; and Subchondral Cysts.

27. The Orthopedist developed a treatment plan for plaintiff which consisted of physical therapy 2-3 times

(8)

per week and Plaintiff return to the Orthopedic Clinic in 4 months for follow up care. Once plaintiff returned to Stateville he was never seen by the on-site Medical director, Dr. Obaisi, as Required per Wexford contract, after Returning from Receiving off-site Medical procedures/consultation.

28. To date the Plaintiff has never received the physical therapy prescribed by the Orthopedic Specialist on June 11, 2012 nor has he Returned to the Orthopedic Clinic for follow up care as recommended by the Specialist licensed to treat Plaintiff injuries.

29. On July 3, 2012 plaintiff filed a formal grievance indicating that he was not being provided the physical therapy that was ordered. The grievance officer denied the grievance approximately 2 months later Stating: "It appears inmates medical Needs have been addressed and met. **There are no orders in Medical file that specify that grievant is to be submitted for physical therapy**."

30. On April 11, 2013 Plaintiff had an appointment to see Physician Assistant (PA) Williams. Ms. Williams informed Plaintiff the the MRI Results were not in his Medical files, which she said would indicate that defendant Obaisi never bothered to order them after the M.R.I was conducted on May 4, 2012. Ms. Williams indicated that it was the Medical director resposibility to obtain these Results following any outside treatments.

31. At this appointment, Plaintiff was able to provide P.A. Williams with the M.R.I. results the he had obtained himself from U.I.C. hospital (P.A.) Williams made a copy and placed it in plaintiff's Medical file.

32. (P.A.) Williams also informed plaintiff that defendant Obaisi never submitted the order for plaintiff's physical therapy and she showed plaintiff the specialty service referral form indicating that physical therapy was in fact recommended as treatment by the Orthopedist.

33. (P.A.) Williams submitted the paperwork for plaintiff's physical therapy herself at this time, ten and a half months after the initial order by the Orthopedist on June 11, 2012. (P.A.) Williams also ordered a prescription of Naproxen to treat plaintiff pain after he informed her that he was not receiving any pain medications that were previously ordered. She also submitted plaintiff for an appointment to see defendant Obaisi.

34. On May 6, 2013 plaintiff was finally seen by defendant Obaisi for the first time since his consultation with the Orthopedic Specialist eleven months prior. Plaintiff informed defendant Obaisi that he has not received a single dose of Naproxen to treat his pain since it was ordered 15 months prior by Dr. Carter Nor has he received it since P.A. Williams ordered it one month prior on April 11, 2012. Plaintiff also had Not received a single session of physical therapy which was

(10)

ORDERED 11 MONTHS prior by the Orthopedic Specialist on June 11, 2012 NOR has he returned to the Orthopedic Clinic for his 4-Month follow-up appointment. Defendant Obaisi declined to provide any treatment for plaintiff at this appointment and told plaintiff that "his injury is not that serious and that he should quit whining and complaining about it".

35. On June 9, 2013 Plaintiff complained to Nurse Candice that he is not receiving his pain medications prescribe by PA Williams 2 Months prior on April 11, 2013, Candice re-submitted the prescription order and plaintiff finally began to receive pain medication for the first time since initially ordered by Dr. Carter 16 Months prior on February 6, 2012.

36. On March 25, 2013 plaintiff submitted an emergency grievance to the New Warden of Stateville, defendant Lemke, in which he explained his injuries that he was diagnosed with, the treatment plan ordered by specialist, that he's in chronic pain, and that he's not receiving "any" of the medical treatment prescribe. Defendant Lemke denied Plaintiff's emergency grievance.

37. Plaintiff has submitted multiple written complaints to defendant Royce Brown-Reed regarding defendant Obaisi's failure to order plaintiff's physical therapy to treat his injury, his failure to send Plaintiff out for his follow-up appointment at the Orthopedic Clinic, and the denial of

(11)

prescription pain medication. Although it is defendant Brown-Reed's duty to ensure inmates at the Stateville Correctional Center receive medical care for all of their medical needs, and even though defendant Brown-Reed has the personal authority to enforce all institutional directives pertaining to medical care, defendant Brown-Reed has failed to exercise that duty and authority by approving, condoning, and turning a blind eye to the denial of adequate medical treatment of/for Plaintiff's serious medical needs.

38. Plaintiff has submitted multiple complaints to defendant Funk regarding defendant Obaisi failure to order Plaintiff's prescribe physical therapy to treat his injury, his failure to send plaintiff out for his follow-up appointment at the orthopedic clinic, and the denial of prescription pain medication to treat plaintiff for his chronic pain. Although, Defendant Funk has a duty to ensure defendant Obaisi is providing adequate medical care and treatment to inmates at the Stateville facility, is responsible for coordinating treatment by wexford personnel at IDOC facilities, and has the personal authority to order plaintiff's medical treatment, defendant Funk has failed to exercise those duties and authority by approving, condoning, and turning a blind eye to the denial of adequate medical treatment for plaintiff's serious medical needs.

39. Plaintiff has submitted multiple complaints to defendant Shicker regarding defendant Obaisi failure to order plaintiff's prescribed physical therapy to treat his injuries, failure to send

plaintiff out for his follow-up appointment at the Orthopedic Clinic and the denial of prescription pain medication to treat plaintiff for his chronic pain. Although defendant Shicker is "in charge" of IDOC policy and procedure on the provisions of medical care at all IDOC facilities, is the person who consults with the medical and prison staff at all correctional centers regarding the proper medical care to provide to State prisoners, has a duty to evaluate the care provided throughout the Correctional system, and has the personal authority to order Plaintiff's medical treatment for his injuries, defendant Shicker has failed to exercise those duties and authority by approving, condoning, and turning a blind eye to the denial of adequate medical treatment for plaintiff's serious medical needs.

40. Upon information and belief, at all times relevant, plaintiff's condition had been obvious and known by the defendants yet the defendants have deliberately delayed and/or denied necessary and obvious medical care.

41. Upon information and belief, at all times relevant, defendant have known of plaintiff's need for the physical therapy prescribed by the orthopedist specialist to treat plaintiff's injuries, however defendants have deliberately continued to deny and/or delay such medical care.

42. Upon information and belief, at all times relevant, defendants have known of plaintiff's need for having his prescribed pain medications to be administered, however defendants have deliberately continued to deny

( 13 )

and/or delay the administering of such medications.

## Count One
(42 U.S.C. § 1983 - Cruel and Unusual Punishment)
(Defendant Wexford)

43.) Plaintiff incorporates paragraphs 1 through 42 as if written herein.

44. The Eighth Amendment of the United States Constitution prohibits the Cruel and unusual punishment of United States citizens by the Federal Government.

45. Plaintiff rights under the Eighth Amendment to be free from Cruel and unusual punishment by the State of Illinois has been abridged by Wexford's deliberate indifference to plaintiff's serious Medical needs.

46. While in the custody of the State of Illinois, Plaintiff's is restrained from caring for himself and Wexford has deliberately delayed and/or denied Medical Care necessary to alleviate obvious severe pain and suffering resulting from injuries to plaintiff's right shoulder as identified in paragraph 26.

(14)

47. At all times relevant to the events at issue in this complaint, Defendant Wexford was under contract to the State of Illinois, through the IDOC, to provide healthcare to inmates at Stateville, including Plaintiff. In this capacity, Defendant Wexford acted under color of law, and, Wexford, as provider of health care services to inmates at Stateville, was responsible for the creation, implementation, oversight, and supervision of all policies and procedures followed by Wexford and IDOC employees who were medical care providers to inmates incarcerated at stateville.

48. At all times relevant to the events at issue in this complaint, Wexford maintained a policy or procedure under which inmates with serious medical conditions, like Plaintiff, were routinely denied access to proper or sufficient medical care. Wexford's policies and procedures resulted in the frequent failure and refusal of its employees to provide proper or adequate medication and medical care to inmates. Wexford had a constitutional obligation to maintain and provide continuing adequate and appropriate medical care and treatment of prisoners incarcerated at Stateville. As a direct and proximate result of of the unconstitutional policies and procedures of Wexford, Plaintiff was deprived of his rights under the Eighth Amendment of the United States Constitution.

49. At all times relevant to the events at issue in this complaint, Wexford, by and through its agents, knew of Plaintiff's need for specialized

(15)

medical care, knew that the failure to timely provide such care would aggrevate his injuries, and knew their failure to provide such care would exacerbate severe pain and suffering caused by these injuries. However, Wexford deliberately failed to take reasonable steps to ensure Plaintiff recieved the medical care required.

50. Upon information and belief, Wexford showed deliberate indifference to Plaintiff's serious medical needs by:

a) having a policy that pressured and/or required Defendant Obaisi and other medical staff, as employees and/or agents of Wexford, to deny necessary medical care and treatment due to budgeting constraints;

b). having a policy which allows inmates with serious medical needs that require immediate physical therapy to be subjected to a waiting list, causing unnecessary delay in recieving adequate medical treatment due to understaffing.

51. As a direct and proximate result of Wexford's policies, Plaintiffs serious medical needs as well as his pain and suffering have been exacerbated resulting in physical and emotional injuries.

52. The conduct of defendant as described herein amounts to deliberate indifference as well as Cruel and Unusual Punishment in violation of the Eighth Amendment to the United States Constitution for which Defendant is liable to Plaintiff for damages and injunctive relief.

(16)

<u>Count Two</u>
(42 U.S.C. 1983 - Cruel and Unusual Punishment)
(Defendant - Funk)

53. Plaintiff incorporates paragraphs 1 through **52** as if rewritten herein.

54. The Eighth Amendment of the United States Constitution prohibits the cruel and unusual punishment of United States citizens by Federal Government.

55. Plaintiff's rights under Eighth Amendment to be free from cruel and unusual punishment by the State of Illinois has been abridged by defendant Funk deliberate indifference to Plaintiff's serious medical needs.

56. At all times relevant, As Regional Medical Director for Wexford defendant Funk was responsible inter alia for ensuring that the medical care provided at Stateville Correctional Center complied with Federal and State requirements for the medical treatment of prisoners in the IDOC.

57. At all times relevant, As Regional Medical Director for Wexford, defendant Funk had a duty to ensure inmates in the IDOC, including Plaintiff, receive competent, adequate, effective, and necessary medical treatment defendant Funk knew that plaintiff was not receiving the medical treatment ordered and had the authority to enforce such treatment, yet he failed to exercise that authority, by approving, condoning, and turning a blind eye to the denial of Plaintiff's prescribe medical treatments.

(17)

58.   At all times relevant, Defendant Funk had personal knowledge that the conditions of confinement challenged in this complaint were being imposed on inmates at Stateville, including Plaintiff, and he implemented, enforced, and/or condoned these conditions

59.   As a direct and proximate result of Defendant Funk's acts and/or omissions Plaintiff's serious medical needs, and his pain and suffering have been exacerbated resulting in physical and emotional injuries.

60.   The conduct of Defendant as described herein amounts to deliberate indifference as well as cruel and unusual Punishment in violation of the Eighth Amendment to the United States Constitution for which Defendant is liable to Plaintiff for damages and injunctive relief

## COUNT THREE
(42 USC 1983 - Cruel and Unusual Punishment)
(Defendant Obaisi)

61.   Plaintiff incorporates paragraphs 1 through 60 as if rewritten herein

62.   The Eighth Amendment of the United States Constitution prohibits the Cruel and Unusual punishment of United States citizens by the Federal Government.

63.   Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual Punishment have been abridged by Defendant Obaisi's deliberate indifference

to plaintiff's serious medical needs.

64. While in the custody of the State of Illinois, Plaintiff is restrained from caring for himself and defendant Obaisi had deliberately delayed and/or denied medical care necessary to treat plaintiff's injuries and to alleviate obvious severe pain and suffering resulting from known medical injuries.

65. Defendant Obaisi, at all times relevant, was a employee and/or agent of wexford and medical director of Stateville Correctional Center.

66. Upon information and belief, as medical director of Stateville defendant Obaisi had final policy making authority with regards to plaintiff's medical treatment and care.

67. At all times relevant, defendant Obaisi knew of plaintiff's need for specialized medical care, knew that failure to timely provide such care would aggrevate his medical condition and injuries, and knew his failure to provide such care would exacerbate severe pain and suffering caused by these medical conditions and injuries. However Obaisi deliberately failed to take reasonable steps to ensure plaintiff received the medical care required.

68. At all times relevant, defendant Obaisi has had personal knowledge of the treatment plan prescribed by the orthopedic specialist, plaintiff's need for adequate pain medication, and that plaintiff has filed numerous grievances about failure to provide such treatment. Grievances of which

( 19 )

defendant has personal Knowledge.

64. At all times relevant, Plaintiff has not recieved adequate, appropriate, or necessary medical treatment for the serious medical needs he has presented with as specified in paragraph 26.

65. Defendant Obaisi has shown deliberate indifference to Plaintiff's serious medical needs by:

a) Deliberately Failing to conduct any follow up with Plaintiff after returning from off-site medical procedures / consultations at UIC Hospital;

b). Deliberately failing to order the results of the MRI scan following Plaintiff's consultation with the orthopedic specialist at UIC Hospital;

c) Deliberately refusing to submit the order for the physical therapy treatment ordered by the orthopedic specialist at UIC Hospital;

d) Deliberately refusing to provide the physical therapy treatment ordered by the orthopedic specialist at UIC Hospital;

e) Deliberately refusing to schedule Plaintiff's follow-up appointment for the orthopedic Clinic at UIC Hospital as ordered by the specialist;

f), Deliberately refusing to provide and administer necessary and effective pain medication to alleviate Plaintiff's obvious pain and suffering.

66. Is a direct and proximate result of defendant Obaisi' acts and/or omissions, Plaintiff serious Medical Needs, as well as his pain and suffering have been exacerbated resulting in physical pain and emotional injuries.

67. The conduct of defendant as described herein amounts to deliberate indifference as well as cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution for which defendant is liable to plaintiff for damages and injunctive relief.

## Count - Four
(42 U.S.C. 1983 - Cruel and Unusual Punishment)
(Defendant Shicker)

68. Plaintiff incorporates paragraphs 1 through 67 as if rewritten herein.

69. The Eighth Amendment of the United States Constitution Prohibits the cruel and unusual Punishment of United States Citizens by the Federal Government.

70. Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual Punishment by the State of Illinois has been abridged by defendant Shicker's deliberate indifference to plaintiff serious Medical Need.

71. At all times relevant, as IDOC Agency Medical director, defendant Shicker was responsible, inter alia, for ensuring that the Medical care

(21)

provided at Stateville Correctional Center complies with Federal and State requirements for medical treatment of prisoners in the IDOC.

72. At all times relevant, as IDOC Agency Medical director, defendant Shicker had a duty to ensure inmates in the IDOC, including Plaintiff, receive competent, adequate, effective, and necessary medical treatment. Defendant Shicker knew that Plaintiff was not receiving the medical treatment ordered and had the personal authority to enforce such treatment yet failed to exercise that authority by approving, condoning, and turning a blind eye to the denial of Plaintiff's prescribed medical treatment.

73. At all times relevant, defendant Shicker had personal knowledge that the conditions of confinement challenged in this complaint were being imposed on inmates at Stateville, including plaintiff, and he implemented, enforced and/or condoned these conditions.

74. As direct and proximate result of defendant Shicker's acts and/or omissions, Plaintiff serious medical needs, as well as his pain and suffering, have been exacerbated resulting in physical and emotional injuries.

75. The conduct of defendant as described herein amounts to deliberate indifference as well as cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution for which defendant is liable to Plaintiff for damages and injunctive relief.

(22)

## Count Five
### (42 U.S.C. 1983 - Cruel and Unusual Punishment)
### (Defendant Brown - Reed)

76. Plaintiff incorporates paragraph 1 through 75 as if rewritten herein.

77. The Eighth Amendment of the United States Constitution prohibits the cruel and unusual punishment of the United States Citizens by the Federal Government.

78. Plaintiff rights under the Eighth Amendment to be free from cruel and unusual punishment by the State of Illinois has been abridged by defendant Brown- Reed's deliberate indifference to plaintiff's serious Medical need.

79. At all time relevant, As Health Care Unit Administer at Stateville, defendant Brown-Reed was responsible for ensuring that Inmates at Stateville receive competent, adequate, effective, and necessary Medical treatment for all their needs. Defendant Brown-Reed had personal knowledge that plaintiff was not receiving the Medical treatment that was ordered and had the personal authority to enforce such treatment yet failed to exercise that authority by deliberately approving condoning, and turning a blind eye to the denial of plaintiff's prescribe Medical treatment.

80. As a direct and proximate result of defendant Brown- Reed

(23)

acts and/or omissions, plaintiff's serious medical needs as well as his pain suffering have been exacerbated resulting in physical and emotional injury.

81. The conduct of Defendant as described herein amounts to deliberate indifference as well as cruel and unusual Punishment in violation of the Eighth Amendment to the United States Constitution for which Defendant is liable to Plaintiff for damages and injunctive relief.

## COUNT SIX
(42 USC 1983 - Cruel and unusual Punishment)
(Defendant Lemke)

82. Plaintiff incorporates paragraphs 1 through 81 as if rewritten herein.

83. The Eighth Amendment of the United States Constitution Prohibits the Cruel and unusual Punishment of United States Citizens by the Federal Government.

84. Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual Punishment by the State of Illinois have been abridged by Defendant Lemke's deliberate indifference to Plaintiff's serious medical needs.

85. While in the custody of the State of Illinois Plaintiff is restrained from caring for himself and defendant Lemke has deliberately and willfully disregarded Plaintiff's complaints, that he was not recieving his prescribed physical therapy, follow-up appointments with the Orthopedic Specialist, or medications to alleviate his severe pain and suffering.

(23)

86. As Warden of Stateville Correctional Center, Defendant Lemke is responsible for all decisions involving inmate grievances in accordance with the procedures set forth in 20 IL ADC 504.800 et seq and, inter alia, for ensuring that the practices of Stateville Correctional Center comply with Federal and State requirements for the treatment of inmates.

87. Defendant Lemke had personal knowledge that Plaintiff have filed multiple complaints regarding the denial of the prescribed medical treatment for his injuries, as evidenced by his signature affixed to the denial of Plaintiffs grievance appeals.

88. Defendant Lemke had personal knowledge that inmates at Stateville were routinely denied adequate medical care, including Plaintiff, and he implemented enforced, and/or condoned the denial of such treatment.

89. Defendant Lemke in his supervising and official capacity showed deliberate indifference to plaintiff's serious medical needs by.

a) deliberately disregarding and/or denying Plaintiffs grievances and/or complaints expressly indicating he was not recieving his prescribed physical therapy and follow-up treatment;

b) approving, condoning, and allowing the denial of medication to be administered by staff under his supervision, despite numerous grievances;

c). approving, condoning, and turning a blind eye to Wexford employees under

(24)

his supervision engaging in a policy which allows them to routinely deny adequate medical care to inmates at Stateville due to budgeting constraints.

90. As a direct and proximate result of defendant Lemke's acts and/or omissions, Plaintiff's serious medical needs, as well as his pain and suffering, have been exacerbated resulting in physical and emotional injury.

91. The conduct of defendant as described herein amounts to deliberate indifference as well as cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution for which defendant is liable to Plaintiff's for damages and injunctive relief.

## Count-Seven
(42 U.S.C. 1983 - Failure to Intervene)
(Defendants - Wexford, Funk, Obaisi, Shicker, Brown-Reed, and Lemke)

92. Plaintiff incorporates 1 through 91 as if rewritten herein.

93. As described more fully above, all of the defendants has a reasonable opportunity to prevent the violation of plaintiff's Constitutional right as set forth above had they been so inclined, but failed to do so.

94. Defendants actions were undertaken intentionally, with malice and with reckless indifference to Plaintiff's Rights

(26)

95  As a direct and proximate result of the misconduct described in this count, Plaintiff's rights were violated and he suffered physical and emotional injury

96. Plaintiff's injuries were caused by employees of IDOC and/or Wexford, including but not limited to, the individually named Defendants, who acted pursuant to the policies and practices of IDOC and/or Wexford.

## COUNT EIGHT

(Supplemental Jurisdiction - State based Common Law Claim of Negligence)
(Defendants - Wexford, Funk, Obaisi, Shicker, Brown-Reed, and Lemke)

97. Plaintiff incorporates paragraphs 1 through 96 as if rewritten herein.

98  The named Defendants have a duty to provide adequate and necessary medical care to Plaintiff.

99.  At all times relevant to this complaint the physical injuries plaintiff has presented with include those identified in paragraph 26 above and those injuries have been causing Plaintiff to suffer severe pain.

100.  The Defendants have failed to provide adequate and necessary medical care to Plaintiff. Instead, these Defendants have ignored and/or disregarded Plaintiff's injuries and prescribed treatment and follow up care ordered by a specialist licensed to treat plaintiff's injuries.

101. The failure of the defendants to provide adequate and necessary medical treatment to plaintiff constitutes a breach of their duty to plaintiff.

102. The injuries complained of by plaintiff in paragraph 26 above are the proximate course of defendant's breach of duty.

103. The injuries complained by plaintiff in paragraph 26 above have caused plaintiff damage in the form of pain and bodily injury.

104. The conduct of the defendant as described in this court constitute negligence, for which those defendants are liable to plaintiff for damages and injunctive relief.

Relief Requested
Wherefore, Plaintiff request the following relief:

A.) A injunction commending IDOC and/or Wexford to comply with the treatment plan of the Orthopedic Specialist and provide Plaintiff's physical therapy;

B.) Compensatory damages to compensate plaintiff for the deprivation of his rights, including, but not limited to, the physical pain and emotional distress caused by such deprivation;

(28)

C.) Compensatory damages, in an amount of #$250,000.00 per each of the defendants and/or to be determined sufficient to compensate Plaintiff for the deprivation of his Constitutional Right to be free from cruel and unusual Punishment, including but not limited to, the physical pain and emotional distress caused by such deprivation;

D.) Compensatory and punitive damages for acts of negligence by the defendants in providing physical therapy, pain medication to alleviate plaintiff's severe pain, and follow up care with the Orthopedic Spealist;

E.) Punitive damages to sanction defendants deliberate indifference to plaintiff's serious medical needs, as well as his chronic pain and suffering and to deter defendants and others from engaging in similarly unconstitutional conduct.

F.) Any other relief which this court deems just and proper.

Respectfully Submitted,
/s/   Maurice Shaw
Maurice Shaw #N80113
Stateville Corr. Ctr.
P.O. Box 112
Joliet, Illinois 60434

(29)

IN THE

_____

_____

Maurice Shaw                    )
Plaintiff,                      )
                                )    Case No. _____
        v.                      )
                                )
Wexford HealthSources, Inc., et al.   )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: US District Court, Northern          TO:
    District of Illinois, Eastern Division    _____
    219 S. Dearborn                          _____
    Chicago, IL 60604                        _____
                                             _____

PLEASE TAKE NOTICE that on _____12 / 18_____, 20_13_, I have placed the
documents listed below in the institutional mail at _Stateville_ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: 8 copies of a 1983 civil
Rights complaint ; 3 copies of Application to Proceed
Inform Pauperis ; 3 copies of a Motion for Appointment of counsel.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: __12/18/2013__          /s/ Maurice Shaw
                              NAME: Maurice Shaw
                              IDOC#: N80113
                              Stateville Correctional Center
                              P.O. BOX 112
                              Joliet_____, IL 60434

Revised Jan 2002